May 1, 1811.
Nott, J.,
delivered the opinion of the court. It is by no means clear, that an execution is not part of the record. But, be that as it may, it is the duty of sheriffs to return all execu. tions by them to be executed ; and it is the duty of the clerk safely to keep them. This was always their duty. An execution may, therefore, be considered as a record. A purchaser at sheriff’s sale ought not to be obliged to search for the original in any hands to which it may go. He is only bound to apply at the public office *471 where the document ought to be kept; and the keeper of the document, which is a public paper, ought not to suffer it to go out of his custody without legal authority. An exemplification is all that a party can obtain. It is the best evidence the nature of the case admits of; because the courts would riot compel the clerks of courts to attend with the originals upon a subpoena duces lecum. The certificate of the clerk need not be accompanied, with his oath, that it is a true copy. He acts under an official oath.
Note. See Doug. 594, in note to 1he King v. J. Gordon. The correct principle seems to be laid down by Lord Holt; In a case of Lynche v. Clarke, viz., “That wherever an original is of a public nature, and would be evidence if produced, an immediate sworn copy thereof will be evidence.” 3 Salk. 154.
Motion granted.